THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00187-MR

| | |
|---|---|
| MELODIE JOHNSON, )<br> )<br>            Plaintiff, )<br> )<br>vs. )<br> )<br>MARTIN O'MALLEY, )<br>Commissioner of Social Security, )<br> )<br>            Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's appeal of the Commissioner's decision denying her social security benefits. The parties have fully briefed this issue. [See Docs. 10; 12; 13].

**I.     PROCEDURAL HISTORY**

On January 6, 2021, Melodie Johnson ("Plaintiff") filed an application for disability benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of December 23, 2020. [Transcript ("T.") at 17]. Her claims were first denied on September 17, 2021, before being denied upon reconsideration on November 16, 2021. [Id.]. At Plaintiff's request, a hearing was held by telephone before an Administrative Law Judge (the "ALJ") on July 19, 2022. [Id.]. On October 5, 2022, the ALJ issued a written decision

denying Plaintiff benefits. [Id. at 14-30]. The Appeals Council denied Plaintiff's request for review on May 22, 2023, making the ALJ's decision the final of the Commissioner. [Id. at 1]. Plaintiff has now exhausted all her administrative remedies. Thus, this case is ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a

preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

5

work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, December 23, 2020. [T. at 20]. At step two, the ALJ found that from her alleged onset date Plaintiff had suffered from severe impairments, including degenerative disc disease, obesity, hypertension, osteoarthritis, chronic venous insufficiency, neuropathy, degenerative joint disease of the bilateral knees, type II diabetes mellitus, and obstructive sleep apnea. [Id.]. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. [Id.]. The ALJ then found that between Plaintiff's alleged onset date and the date of the ALJ's decision, Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) except she can stand and/or walk for up to four hours in an eight-hour workday and sit for up to six hours in an eight-hour workday, and she must be allowed the ability to alternate between sitting and standing positions up to two times per hour. She can perform occasional postural activities but must avoid workplace hazards, including but not limited to ladder, ropes, and scaffolds, unprotected heights, and machinery with dangerous parts. She can frequently but not continuously push, pull, and operate hand and foot controls with the bilateral upper and lower extremities, and can frequently but not constantly reach in all directions, including overhead. She is able to sustain attention and concentration for two hours at a time but cannot perform work requiring a production rate or demand pace. She must avoid concentrated exposure to extreme cold, damp, or wet environments.

[Id. at 22-23].

At step four, the ALJ identified Plaintiff's past relevant work as a nurse's aide. [Id. at 28]. However, the ALJ observed that Plaintiff "is unable to perform past relevant work as actually or generally performed." [Id.]. At step five, based on the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, she can perform other jobs that exist in significant numbers in the national economy, including garment sorter, egg handler, and folder. [Id. at 29]. The ALJ therefore concluded that Plaintiff was not "disabled," within the meaning of the Act,

between her alleged onset date and the date of the ALJ's decision. [Id. at 30].

## V. DISCUSSION[1]

As one of her assignments of error on appeal, Plaintiff contends that the ALJ erred in formulating her RFC, specifically in failing to adequately account for the Plaintiff's chronic venous insufficiency. [Doc. 10 at 4].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2] SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

In formulating the RFC, an ALJ is required to "consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8p. Specifically, Ruling 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

[Id.]. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." [Id.].

Here, the FLJ found Plaintiff's chronic venous insufficiency ("CVI") to be a severe impairment. [T. at 20]. As such, the ALJ was required to account for Plaintiff's CVI in formulating her RFC. However, in formulating the RFC, the ALJ recites, without any analysis, the medical evidence of record pertaining to Plaintiff's CVI as follows:

> Records prior to the alleged onset date show the claimant with hypertension, with blood pressure readings in the 140s, although cardiological

9

examinations were grossly normal, with no signs of nausea, shortness of breath, or other significant symptoms noted. (1F/14, 15). Subsequent notes show the claimant taking medications for her hypertension as well as for leg swelling, with readings still high and with the claimant reporting during her consultative examination in June 2021 issues with shortness of breath and leg swelling. (2F; 4F/3; 6F/11). Examiner Dr. Burgess noted the claimant with a blood pressure of 140/100, but found no hypertension related impact on her vision or other systems, with cardiovascular and pulmonary examinations finding no significant symptoms, although there was some non-pitting trace to 1+ bilateral lower extremity edema observed. (4F/4). An August 2021 primary care note shows the claimant's blood pressure as well controlled at home, although prior examinations had noted her with complaints of increased levels accompanied by mild intermittent dizziness and nasal congestion. (6F/1, 6). Examinations also continued to note trace bilateral edema in the lower extremities. (6F/3, 7). The claimant reported to consultative examiner Dr. Canupp problems with venous insufficiency, but noted no ongoing treatments such as support stockings or surgical intervention,[3] with the claimant also reporting her blood pressure as generally under control. (7F/6, 7). A physical examination by Dr. Canupp revealed numerous swollen tender areas of varicose veins but no signs of active deep vein thrombosis. (7F/8). Recent primary care notes show the claimant with complaints of increased lower extremity edema, with a physical examination revealing distal bilateral lower 12+ edema with few bilateral bulging varicose veins. (9F/4, 5).

---

[3] To the extent the ALJ suggests that Plaintiff's CVI is less severe than alleged because she is not pursuing surgical intervention, the ALJ does not reconcile this suggestion with the evidence in the record that Plaintiff is not a candidate for surgery because of her obesity. [See, e.g., T. at 188].

10

[Id. at 25-26]. The ALJ does not proceed to further discuss the Plaintiff's CVI or indicate what, if any, limitations are supported by the recited evidence. Rather, the ALJ proceeds to discuss medical records pertaining to some of Plaintiff's other impairments, before concluding "[t]hese impairments have likewise been considered within the [RFC] above." [Id. at 26]. The ALJ only relates the Plaintiff's CVI to a limitation in her RFC while discussing the medical opinions of record. [Id. at 28]. The ALJ states that "the ability to alternate between sitting and standing positions up to two times per hour," accounts for Plaintiff's worsening lower extremity edema. [Id. at 23, 28]. The ALJ does not proceed to explain how the limitation identified accounts for the Plaintiff's CVI impairment. See Mercure v. Berryhill, No. 1:16-CV-131-MR, 2017 WL 3301364, at *4 (W.D.N.C. Aug. 1, 2017).

Compounding the absence of any discussion or analysis of how the limitations in the RFC account for Plaintiff's CVI, some of the medical evidence of record regarding Plaintiff's CVI appears to support a more restrictive RFC than the ALJ found. For instance, throughout 2021 and 2022, Plaintiff's doctor regularly recommended she elevate her legs, when possible, and prescribed her medication, to help alleviate swelling stemming from her condition. [See, e.g., T. at 264, 268, 447-48]. Additionally, Plaintiff testified before the ALJ that she suffers swelling in her feet "if [she] keep[s]

11

them down all the time," and that she spends most of her day "sitting with [her] feet propped up[.]" [Id. at 46-47]. The ALJ's decision, however, fails to explain how she reconciled this evidence with her conclusions in the Plaintiff's RFC.[4] While the ALJ's ultimate conclusions as to the Plaintiff's limitations may be correct, the Court is left to guess regarding how they were reached. Mascio, 780 F.3d at 637. "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports [her] decision, and the only recourse is to remand the matter for additional investigation and explanations." Mills, 2017 WL 957542, at *4 (citation omitted).

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all of the relevant evidence, and specifically explaining how she reconciled the evidence to make her conclusions.[5]

---

[4] This is particularly problematic because the VE testified that Plaintiff would not be competitively employable if her RFC included a restriction allowing her to elevate her legs during the workday. [T. at 57].

[5] In light of this decision, Plaintiff's other arguments on appeal need not be addressed at this time. However, they may be addressed at the administrative level on remand.

**ORDER**

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of the Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 22, 2024

Martin Reidinger
Chief United States District Judge